NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

CHARLES BURNETTE STUNSON, *Appellant*.

No. 1 CA-CR 17-0727
FILED 8-16-2018

---

Appeal from the Superior Court in Maricopa County
No. CR 2015-106335-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

¶1        Charles Stunson timely appeals from his convictions and sentences for six counts of aggravated assault, each a class 3 felony, and one count of disorderly conduct, a class 6 felony. After searching the record on appeal and finding no arguable question of law that was not frivolous, Stunson's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. This court granted counsel's motion to allow Stunson to file a supplemental brief *in propria persona*, but Stunson did not do so. After reviewing the entire record, we find no reversible error and, therefore, affirm Stunson's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2        In February 2015, a woman driving a Jeep entered a drive-thru lane of a bank and almost collided with a pickup truck driven by Stunson. Stunson and the driver's daughter, a passenger in the Jeep, began having a verbal altercation and Stunson pulled out a gun and pointed it at her. The mother left the bank and drove her Jeep to a nearby fire station, with Stunson in pursuit. Multiple firefighters saw the Jeep and the pickup truck pull into the station and saw Stunson point a handgun at the Jeep before the Jeep took off from the station with the pickup truck following. The mother drove the Jeep to her residence. Stunson continued to drive down the street, passing by the house and again pointing a gun at the women. The mother's sister—who had been in the front yard as Stunson drove past—took over operation of the Jeep and, with the mother now in the passenger seat, proceeded to follow Stunson's pickup truck. The mother called 911 and, ignoring the operator's instructions, the women continued following Stunson and trying to obtain his license plate number. In the course of the ensuing chase, Stunson pulled up behind the Jeep at a

---

[1] We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Stunson. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

stoplight, and he again pointed a gun at the women. Having reported his license plate to 911, the women ceased their chase and returned to the mother's residence.

¶3　　　　Stunson was indicted with seven counts of aggravated assault, each a class 3 felony, and one count of disorderly conduct, a class 6 felony. During trial, the court granted Stunson's request to dismiss one of the counts of aggravated assault. After trial, the jury returned guilty verdicts on the remaining counts of aggravated assault and disorderly conduct, and subsequently found each count was a dangerous offense. The court sentenced Stunson to 5 years for each count of aggravated assault and 1.5 years for the single count of disorderly conduct, all sentences to run concurrently, with 39 days of presentence incarceration credit.

## DISCUSSION

¶4　　　　We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Stunson received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages. The evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of 12 members and the court properly instructed the jury on the elements of the charges, Stunson's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Stunson was given an opportunity to speak at sentencing, and his sentences were within the range of acceptable sentences for his offenses.

## CONCLUSION

¶5　　　　We affirm Stunson's convictions and sentences.

¶6　　　　After the filing of this decision, defense counsel's obligations pertaining to Stunson's representation in this appeal have ended. Defense counsel need do no more than inform Stunson of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶7 Stunson has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Stunson 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.

